SOL RIFKIN, Appellant, v. MILLER OIL COMPANY et al., Appellees.

No. 45803.

MARCH 17, 1942.

Kindig, Faville, Kindig & Beebe, for appellant.

Baron & Bolton, for appellees.

MITCHELL, J.— Sol Rifkin commenced this action in the municipal court of Sioux City against I. Miller and Company, Inc. and Herman Miller, defendants, alleging that there was due him the sum of $105. The petition alleges that on or about the 14th day of April 1940, an oral contract of employment was made between the plaintiff and the Miller Oil Company by which the plaintiff was to operate an oil station for the said company and was to receive in remuneration therefor the sum of $10 a week together with a commission of one cent for each gallon of gasoline sold. That the plaintiff entered into and carried on his duties under the oral contract, continuing in said employment for a period of 11 weeks ending on or about June 30, 1940. That in addition to working for the said 11 weeks, he sold approximately 4,000 gallons of gasoline. That the defendants have paid him the sum of $45. That there is still due and owing to him the sum of $105, together with interest and costs. To this petition was filed an answer, in which it was admitted by the Miller Oil Company that it entered into a contract to employ the plaintiff. That said answer further alleges that at the time of said oral agreement, and as a part of the consideration therefor, the plaintiff agreed that any commissions earned under said contract should be applied against a balance of account owing to the Miller Oil Company by the father of the plaintiff and by the plaintiff himself and that the amount due and owing to the defendants by the plaintiff and by his father was far in excess of any commissions ever earned by plaintiff under the said oral contract and that the Miller Oil Company is not indebted to him.

By way of counterclaim the Miller Oil Company alleges that plaintiff Sol Rifkin and his father Mike Rifkin were engaged in the oil business at Third and Plymouth Streets in Sioux City,

1034

Iowa, and purchased gasoline and oil from the Miller Oil Company at wholesale prices and resold same at said oil station at retail prices. That the plaintiff and his father owed the Miller Oil Company the sum of $373.80 when they ceased operating said oil station. That some time after the closing of the oil station by the Rifkins, and while indebted to the Miller Oil Company, the plaintiff came to the Miller Oil Company and wanted to work out said indebtedness. That the Miller Oil Company entered into the terms of an oral contract with the plaintiff whereby the Miller Oil Company agreed to furnish to the plaintiff gasoline and oil in an oil station then located at Sixth and Water Streets in Sioux City, Iowa, and to pay a commission of one cent per gallon on gasoline sold and to apply said commissions on the indebtedness herein referred to. The plaintiff agreed to operate said oil station and agreed to permit the application of any commissions upon the indebtedness due and owing by the plaintiff to the defendants. That there is now due and owing to the Miller Oil Company from the plaintiff the sum of $28.39 above all amounts that the Miller Oil Company owes to the said plaintiff.

Later the defendants amended their counterclaim by setting out certain alleged shortages of gasoline. Just what additional amount the defendants prayed for is not set out in the abstract.

The plaintiff filed answer to the defendants' counterclaim, in which he set up that there was a complete accord and satisfaction as to the disputed account between the defendants and the father of the plaintiff. The defendants filed a reply in which they alleged there never was a complete accord and satisfaction in the amount of the account between the father of the plaintiff and the defendants, and that the father of the plaintiff tendered a check to defendants marked "in full of all accounts." That the defendants refused to accept same, and later the plaintiff came to the defendants and suggested that if defendants would hire the plaintiff in line with the contract sued upon he would pay the difference between the father's check and the true account owing to the defendants. That the defendants did not cash the check given by the father to the defendants until after this conversation with the plaintiff in which plaintiff, defendants allege, agreed to pay the balance due.

This is a law action, but the parties waived a jury and the case was submitted to the court, and after the taking of evidence the lower court entered a judgment in said cause in favor of the defendants and denying the plaintiff's claim. Plaintiff, being dissatisfied, has appealed.

Sol Rifkin was the sole witness used on his own behalf in making out his case. On rebuttal he used one other witness. Herman Miller was the sole witness used by the appellees. There is little dispute between the parties but that Sol Rifkin was hired under an oral contract to work for the Miller Oil Company in operating a certain oil station and was to receive therefor the sum of $10 a week and one cent a gallon on gasoline sold. The real dispute in this case is whether or not, at the time of the contract of employment, Sol Rifkin agreed that there was to be deducted from the amount of the wages and commissions he was to receive the amount which the Miller Oil Company claimed was due and owing to it, not alone by Mike Rifkin, the father of Sol Rifkin, but by Sol Rifkin also. That amount was $73.80. The appellant maintains that he never agreed to pay this amount and further alleges and pleads that there was an accord and satisfaction entered into between the Miller Oil Company and Mike Rifkin, his father, when his father tendered to the Miller Oil Company a check in the amount of $233, dated February 27, 1940, and upon which there were marked the words, ''Paid in full.''

The appellant, in a very able argument, alleges that the municipal court erred in permitting the appellees, over proper objections, to introduce evidence which appellant alleges varies the terms of the written instrument, to wit, the check of Mike Rifkin, which was given at the time of the alleged accord and satisfaction between the appellees and the father of the appellant. It is the claim of the appellant that the obligation which the appellees claim was assumed by the appellant was that of the father of the appellant and not of the appellant, and that the father entered into an accord and satisfaction with the appellees and gave therefor his check marked ''Paid in full,'' dated February 27, 1940. At the time of the trial the appellant, on cross-examination of Herman Miller, brought forth the check given by the father to the Miller Oil Company, and the appellant asked

Herman Miller on cross-examination in regard to this check. Miller detailed on this cross-examination that the account between him and Mike Rifkin as guarantor was disputed. Then Miller was asked this question by appellant's attorneys:

"Q. Will you read into the record that check to show whether or not it is marked 'Paid in full'? A. Yes, now it is, it wasn't cashed until April 2nd and that was after Sol came down and agreed to pay it."

Later, on recross-examination, appellant's attorneys again asked Herman Miller in regard to the check which is the basis of appellant's claim of an accord and satisfaction. Objections were made to the testimony on the theory that there was an attempt to vary the terms of a written instrument. We do not feel that it is necessary for us to discuss the error raised by the appellants for the reasons, first, that under the appellees' theory of this case—and there is evidence to support it—the obligation was not only the obligation of Mike Rifkin, the father of appellant, but of the appellant also, and there is direct evidence that the appellant agreed that there might be deducted from the moneys which he earned sufficient to pay this obligation. In addition to this, there is sufficient evidence in the record, to which no objection was made by the appellant, which would justify the court in reaching the conclusion which it did reach.

■ Appellant also alleges that the municipal court erred in holding that the alleged assumption by the appellant of the balance of the father's alleged obligation to the appellees after what appellant claims was an accord and satisfaction amounted to a defense to the appellant's claim against the appellees, for the reason that there was no consideration for such alleged assumption, if any was made by the appellant. The appellant overlooks the fact that there is evidence upon which the court could have found that the obligation was not only that of the father of the appellant but of the appellant himself, and in view of this fact there was consideration for the making of the agreement.

■ It is also argued that the lower court erred in refusing to grant the appellant a new trial on the basis of newly discovered evidence set forth in a motion duly and timely filed in the trial court. The newly discovered evidence was an alleged re-

ceipt given to M. Rifkin for the amount of $233, marked "paid, Herman I. Miller, 2-27-40." The receipt showed nothing more on its face than the check which was introduced in evidence. At most it could only be said that it was cumulative evidence, and we think no one could say that the introduction of the receipt would have in any way changed the result of this lawsuit. It is interesting to note that the check and the receipt are dated February 27, 1940, but the Miller Oil Company did not cash this check until the 2d of April 1940, which Miller said was after the date of the contract of employment between Sol Rifkin and the Miller Oil Company.

The evidence in this case is in conflict. The parties saw fit to waive the jury and submit it to the court. There is evidence to sustain the verdict, and this court, upon such a record, will not interfere with that verdict. It necessarily follows that this case must be, and it is, affirmed.—Affirmed.

BLISS, C. J., and GARFIELD, OLIVER, HALE, MILLER, WENNERSTRUM, and SAGER, JJ., concur.